The People of the State of New York, Respondent, 
against
Therese Garafalo, Appellant. 

Lavallee Law Offices, PLLC (Ryan L. Brownyard of counsel), for appellant.
Nassau County District Attorney (Jason R. Richards and Brian Witthuhn of counsel), for respondent.

Appeal from a judgment of conviction of the District Court of Nassau County, First District (Valerie Alexander, J.), rendered December 10, 2018. The judgment convicted defendant, after a nonjury trial, of speeding, and imposed sentence.
ORDERED that the judgment of conviction is affirmed.
Defendant was charged in four separate simplified traffic informations with speeding (Vehicle and Traffic Law § 1180 [b]), reckless driving (Vehicle and Traffic Law § 1212), improper or no signal (Vehicle and Traffic Law § 1163 [d]), and driving across hazard markings (Vehicle and Traffic Law § 1128 [d]), respectively. All of the charges, with the exception of speeding, were dismissed prior to trial. Following a nonjury trial, at which both the police lieutenant who had conducted the traffic stop and defendant testified, defendant was found guilty of speeding.
The police lieutenant testified that he has conducted thousands of traffic stops for speeding for Nassau County Police Department's Highway Patrol over the course of 20 years. On September 5, 2017, he was assigned to a task force for aggressive driving on the Long Island Expressway (LIE), where the posted speed limit is 55 miles per hour (mph), and, at approximately 10:45 p.m., he was driving at the speed limit in the center lane on the LIE when he [*2]observed defendant pass him while driving a Cadillac at a high rate of speed in the HOV lane. In fact, defendant was driving so fast that the lieutenant had a hard time trying to catch up to her vehicle and it took him seven miles to do so. At one point during the chase, when he had pressed on his gas pedal as far as it could go, he looked at his speedometer and it registered 114 mph. Yet, even at his own vehicle's top speed, he still could not catch up to defendant's vehicle. At another point in time, he was able to get directly behind defendant's vehicle and pace it, thereby determining the speed of defendant's vehicle to be 103 mph based on a readout of his speedometer. The lieutenant further testified that he had reinforced his determinations of defendant's top speed at 114 mph using a GPS device. The lieutenant admitted that he had not made an independent estimate of defendant's vehicle's speed based on his observation. Defendant testified that she knows that the speed limit on the LIE is 55 mph and admitted that she was driving at 70 miles per hour.
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we find that the foregoing evidence was legally sufficient to establish defendant's guilt of speeding beyond a reasonable doubt. Furthermore, upon the exercise of this court's factual review power (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348-349 [2007]), while according great deference to the factfinder's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]), we find that the verdict was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]; People v Brachman, 42 Misc 3d 127[A], 2013 NY Slip Op 52143[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2013]; People v Moirzadeh, 31 Misc 3d 145[A], 2011 NY Slip Op 50939[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2011]).
Accordingly, the judgment of conviction is affirmed.
TOLBERT, J.P., GARGUILO and RUDERMAN, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 11, 2020